**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LOUDONNA MARSH,**

    **Plaintiff(s),**

**v.**                                                                                      **Case No: 8:19-cv-386-T-30AEP**

**EBSCO INDUSTRIES, INC.,**

    **Defendant(s).**
_____/

# CASE MANAGEMENT AND SCHEDULING ORDER

    This cause came on for consideration concerning completion of discovery and the scheduling of pretrial procedures and trial. The Court has considered the positions of the parties as set forth in their Case Management Report, and hereby enters the following scheduling and case management requirements whose provisions are very precise and *shall be strictly adhered to*. Accordingly, it is **ORDERED**:

    1.    The parties are **directed** to meet the agreed upon terms and time limits set forth in their Case Management Report, as noted below (including any *exceptions* deemed appropriate by the Court):

| | |
|---|---|
| **Third-Party Joinder Cut-Off:** | July 3, 2019 |
| **Plaintiff(s) Expert Disclosure:** | April 2, 2020 |
| **Defendant(s) Expert Disclosure:** | May 4, 2020 |
| **Discovery Deadline:** | June 2, 2020 |
| **Dispositive Motion Deadline:** | July 1, 2020 |
| **Daubert Motion Deadline:** | July 1, 2020 |

    2.    Parties shall take heed that motions to amend any pleading or a motion for continuance of any pretrial conference, hearing or trial filed after issuance of this Case Management and Scheduling Order *are disfavored*. *See* Local Rules 3.05(c)(2)(E) and 3.05(c)(3)(D). If evidence arises during fact discovery that would support a motion to amend a pleading, the moving party shall file a motion to amend within *fourteen (14) days* of

learning of the evidence.  Motions to amend after that fourteen (14) day window will be governed by a good cause standard.  *See* Fed. R. Civ. P. 16(b)(4).

   3. A **Pre-Trial Conference** will be held before the Honorable James S. Moody, Jr., United States Courthouse, 801 North Florida Avenue, Courtroom 17, Tampa, Florida 33602, on **TUESDAY, JANUARY 5, 2021 at 9:45 A.M.**  (Pre-trial conferences generally last fifteen minutes.)

   4. The parties shall comply with Local Rule 3.06 with respect to their joint Pre-Trial Statement, which is due no later than seven (7) days before the date of the Pre-Trial Conference.

   5. The **Pre-Trial Conference** *shall be attended by counsel who will act as lead trial counsel in the case* and who is vested with full authority to make and solicit disclosure and agreements touching all matters pertaining to the trial.

   6. This case is set for **JURY TRIAL** in Courtroom 17 of the United States Courthouse, 801 N. Florida Avenue, Tampa, Florida, during the **FEBRUARY 2021,** trial term before the Honorable James S. Moody, Jr.  (Trial terms run a calendar month.)

   7. Any **motions in limine** shall be filed with the Clerk of Court no later than three (3) weeks before the date of the Pre-Trial Conference.  The parties are limited to filing only one (1) motion in limine that includes each ground for the exclusion of evidence.

   8. NO LATER than two (2) business days prior to the first day of trial, counsel shall electronically file proposed voir dire, jury instructions, and verdict forms, serve copies on opposing counsel, and provide the courtroom deputy with a copy for use by the Judge. Counsel shall e-mail proposed jury instructions and verdict forms in either Word or Word Perfect format to:  chambers_flmd_moody@flmd.uscourts.gov.

    (a) **Trial Brief:**  The Court does not require Trial Briefs or Proposed Findings of Fact and Conclusions of Law.

    (b) **If case is a JURY trial**, the following shall be provided no later than two (2) business days prior to the date on which trial is set to commence:

     (1) A concise (one paragraph preferably) *joint or stipulated* statement of the nature of the action to be used in providing a basic explanation of the case to the jury venire;

    (2)    *Proposed Voir Dire* (the Court will conduct the voir dire and, in addition to the usual more general questions, will without initiation by counsel ask more particular questions suggested by the nature of the case; counsel should, therefore, be selective in the jury questions submitted to the Court for consideration);

    (3)    A complete set of all written **Proposed Jury Instructions** (which shall bear a cover sheet with the complete style of the case and appropriate heading designating the submitting party; there shall be no more than one instruction per page and contain, at the end of each such instruction, citation of authorities, if any); they shall be sequentially numbered and party-identified (e.g., Plaintiff's Requested Instruction No. 1); and

    (4)    **Proposed Verdict Form**

(c)    **If case is a NON-JURY trial**, **Proposed Findings of Fact and Conclusions of Law** are required <u>only</u> if the Judge requests them. If they are requested, each shall be separately stated in numbered paragraphs; Findings of Fact shall contain a detailed listing of the relevant material facts the party intends to prove, in a simple, narrative form; Conclusions of Law shall contain a full exposition of the legal theories relied upon by counsel. At the end of trial, Counsel shall e-mail the parties' Proposed Findings of Fact and Conclusions of Law in Word or WordPerfect format to Chambers at: chambers_flmd_moody@flmd.uscourts.gov.

**DONE** and **ORDERED** in Tampa, Florida on June 12, 2019.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record